UNITED STATES DISTRICT COURT　　　　　　CASE NO. 1:21-cv-06348-LGS
SOUTHERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

      Plaintiff,

               **AMENDED** ~~PROPOSED~~
               **DEFAULT JUDGMENT OF**
  -against-         **FORECLOSURE AND SALE**

Public Administrator of Bronx County, as Limited Administrator d.b.n. of the Estate of Mildred Smith, deceased; Wilma Evon Tyson aka Wilma Evon Smith; Delores Johnson; Nicole Jones; Mark A. Norman; Dawn Harper aka Dawn Drake; Seraya Smith; Jason Smith; Mathew Smith; Kim Smith; Donte Dunkley; Faith Smith aka Faith Alvarado; Buddy Drake Richardson; Donnell A. Richardson aka Donnell Drake; Bethany Elkins; Unknown Heirs of the Estate of Mildred Smith, deceased; United States of America OBO Internal Revenue Service; New York State Department of Taxation and Finance; Bronx County Supreme Court; Sunshine Care Corp.; Criminal Court of the City of New York; New York City Housing Authority; New York City Parking Violations Bureau; New York City Environmental Control Board; United States of America; Commissioner of Jurors; "JOHN DOE #1-5" and "JANE DOE #1-5", said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,

      Defendants

  On the summons and complaint filed on July 26, 2021, the Affirmation and Memorandum of Law of John Manfredi, attorney for the Plaintiff, the affidavit of Mikel Anderson sworn to on November 23, 2021, the affidavits of service filed with this Court, the certificates of default entered by the Clerk, and upon all of the proceedings had herein, the Court finds that:

  This action was brought to foreclose a mortgage on real property located in Bronx County.

  The defendants herein has been duly served with the summons and complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended

by consent or by order of this Court. No answer or motion directed to the complaint has been interposed by or on behalf of the defendants. The defendants are not infants, incompetent or absentee. Accordingly, the defendants are in default.

A notice of pendency containing all the particulars required by law has been duly filed as aforesaid in the Bronx County Clerk's Office on August 5, 2021.

The mortgaged premises should be sold in one parcel.

The amount due to plaintiff on the note and mortgage described in the complaint is $473,066.43 as of November 15, 2021.

**NOW**, on motion of plaintiff The Secretary of the U.S. Department of Housing and Urban Development, an Agency of the United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the defendants Public Administrator of Bronx County, as Limited Administrator d.b.n. of the Estate of Mildred Smith, deceased; Wilma Evon Tyson aka Wilma Evon Smith; Delores Johnson; Nicole Jones; Mark A. Norman; Dawn Harper aka Dawn Drake; Seraya Smith; Jason Smith; Mathew Smith; Kim Smith; Donte Dunkley; Faith Smith aka Faith Alvarado; Buddy Drake Richardson; Donnell A. Richardson aka Donnell Drake; Bethany Elkins; United States of America OBO Internal Revenue Service; New York State Department of Taxation and Finance; Bronx County Supreme Court; Sunshine Care Corp.; Criminal Court of the City of New York; New York City Housing Authority; New York City Parking Violations Bureau; New York City Environmental Control Board; United States of America; Commissioner of Jurors are in default; and it is

**ORDERED AND ADJUDGED** that this action is dismissed against defendants "John Doe #1-5" and "Jane Doe #1-5" and "Unknown Heirs of the Estate of Mildred Smith, deceased," and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $297,322.19 in principal, plus accrued interest in the sum of $136,327.03 due as of November 15, 2021, service charges of $5,610.00, mortgage insurance premium of $33,807.21, and the sum of $5,071.68 as taxed by the Court for the costs and disbursements due to the plaintiff in this action, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the complaint and as hereinafter described, shall be sold as provided by New York Real Property Actions and Proceedings Law ("N.Y. RPAPL"), in one parcel, at public auction to be held at <u>Bronx County Supreme Court</u>, at <u>851 Grand Concourse, Bronx, NY 10451</u> by and under the direction of <u>Joseph A. Marra, Esq.</u> with offices at <u>909 Midland Avenue Yonkers, New York 10704 (ph 914 964-6806)</u> who is hereby appointed Master for that purpose. That said Master give public notice of the time and place of said sale in accordance with N.Y. RPAPL § 231 by advertising in <u>Bronx Times-Reporter</u>, and it is

**ORDERED AND ADJUDGED,** that the Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master, ten percent of the sum bid, and shall execute a Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED AND ADJUDGED,** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED AND ADJUDGED,** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless otherwise stipulated by all parties. The Master shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond thirty days may be stipulated among the parties, with Master's consent, up to ninety days from the date of sale, any adjournment beyond ninety days may be set only with the approval of the Court, and it is further

**ORDERED AND ADJUDGED,** that said Master shall deposit the balance of said proceeds of sale in his own name as Master in his attorney client-fund / escrow bank account, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

<u>1st</u>:   The sum of $<u>750.00</u> paid to said Master for Master fee herein.

2nd: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale.

3rd: Pursuant to N.Y. Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

4th: The sum of $5,071.68 adjudged as aforesaid due to Plaintiff for its costs and disbursements in this action, and the sum of $473,066.43, the amount adjudged due to the Plaintiff under the note and mortgage as of as of November 15, 2021, plus post judgment interest accruing thereon pursuant to 28 U.S.C. § 1961(b) from the date of entry of judgment.

Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court, and it is

**ORDERED AND ADJUDGED**, that in case the plaintiff is the purchaser of the mortgaged premises at said sale, the Master shall not require the plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the plaintiff a deed of the mortgaged premises sold upon payment to the Master of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Master, or in lieu of the payment of said last mentioned amounts, upon filing with said Master receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Master upon the amounts due to the plaintiff as specified in item marked "FOURTH".   If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Master, upon delivery to plaintiff of said Master's deed, the amount of such surplus which shall be applied by the Master, upon motion made pursuant to N.Y. RPAPL § 1351(3) and proof of satisfactory to the Master of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to N.Y. RPAPL § 1354(3), which payment shall be reported in the Master's Report of

Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with N.Y. RPAPL § 1354(4) and the Master shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

**ORDERED AND ADJUDGED**, that the Master shall file his Report of Sale under oath with the Clerk of the Court, showing the disposition of the proceeds of the sale, with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her Report of Sale, and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof, ~~and it is~~ except as to the claims for surplus asserted by Defendants Sunshine Care Corp. and New York City Environmental Control Board, and it is

**ORDERED AND ADJUDGED,** that the mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts than an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the N.Y. Real Property Actions and Proceedings Law. Risk of loss shall not pass to purchaser until closing of title, and it is further

**ORDERED AND ADJUDGED,** that in the absence of Master, the Court may designate a Substitute Master forthwith.

The premises affected by this action are situated entirely within the County of Bronx and designated as <u>4443 Mundy Lane, Bronx, NY 10466</u> further described in annexed <u>Schedule "A"</u>, together with all fixtures and articles of personal property annexed to, installed in, or used in

connection with the mortgaged premises, as is more fully set out in said mortgage as described in the complaint.

Dated: January 24, 2022
       New York, New York

                                        LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE

WebTitle File No.:  WTA-19-011241                                              Client File No.:

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

All that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, being part of Lots Number 227 and 228 as said lots are known and designated upon a certain map entitled "Map of 643 Lots, Bathgate Estate, located between Baychester Avenue, Bissel Avenue, Mundy's Lane and Bussing Avenue, Borough of the Bronx, City of New York" made by Charles Cohen and Leo J. Ehrhardt, Inc., completed June 3, 1921 and filed in the Office of the Register of the County of Bronx on July 18, 1921 by the Map No. 487 which said parts of said lots taken together, are more particularly bounded and described as follows:

BEGINNING at a point on the westerly side of Mundy's Lane where the same is intersected by the division line between lots 228 and 229 on said map and which point is also distant 382.71 feet northerly from the corner formed by the intersection of the westerly side of Mundy's Lane with the northerly side of Nereid Avenue, as measured along the westerly side of Mundy's Lane;

RUNNING THENCE along said division line between Lots 228 and 229 on said map south 73 degrees 48 minutes 35.8 second west 53.42 feet to the easterly line of land conveyed by George J. Burchill, also known as George J. Burchill, Sr., to Eugene R. Berry and Madeline A. Berry by deed dated June 18, 1952 and recorded June 20, 1952 in Liber 1926 cp 429;

THENCE along said easterly line of land so conveyed to Eugene Berry and Madeline A. Berry through lots 228 and 227 on said map, north 13 degrees 34 minutes 44 seconds west, 50.05 feet to the division line between Lots 226 and 227 on said map;

THENCE along said last mentioned division line north 73 degrees 48 minutes 35.8 seconds east, 51.21 feet to the westerly side of Mundy's Lane; and

THENCE southerly along the westerly side of Mundy's Lane as it winds and turns 49.96 feet to the point or place of BEGINNING.

Premises:            4443 Mundy Lane, Bronx, NY 10466
Tax Parcel ID No.:   Block: 5100 Lot: 55